UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAN LEE TRADING COMPANY, INC., | No. C 08-03887 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| DUVAL MOTORS OF GAINESVILLE INC., a Florida Corporation; and DOES 1-50, inclusive. | **Re: Motion for Rule 11 Sanctions** |
| Defendants. / | |

Man Lee Trading Company, Inc., ("Man Lee") brought this action against defendant Duval Motorcars of Gainesville, Inc. d/b/a Duval Motorcars (erroneously sued as Duval Motors of Gainesville, Inc.) ("Duval"). The court granted Duval's motion to dismiss for lack of personal jurisdiction and transferred this action to the United States District Court for the Middle District of Florida. Now before the court is Duval's motion for sanctions under Federal Rule of Civil Procedure 11 ("motion for Rule 11 sanctions"). Having considered the parties' submissions and arguments, and for the reasons set forth below, the court rules as follows.

BACKGROUND

The facts of the case were laid out in detail in the court's prior Memorandum & Order addressing Duval's motion to dismiss for lack of personal jurisdiction, or alternatively, to dismiss or transfer venue pursuant to 28 U.S.C. section 1406 or 1404(a). See Docket No. 35. Accordingly, only a brief summary of the facts is needed here.

Man Lee is a California corporation, engaged in the business of buying and selling automobiles, with its principal place of business in Millbrae, California. See First Amended Verified Compl. ("Compl.") ¶ 1. Duval is a Florida corporation, engaged in the business of selling

automobiles, with its principal place of business in Gainesville, Florida. Id. at ¶ 4; Snyder Dec ISO Motion to Dismiss ("Snyder Dec."), ¶ 2.

This action arose out of a commercial transaction between Man Lee and Personal Choice Auto Brokers LLC ("Personal Choice"). Man Lee purchased five Mercedes-Benz automobiles, three of which were located through an automobile website at Duval's facilities in Florida. Compl at 7. The price for the three Duval cars was two hundred forty-seven thousand three hundred ninety-five dollars ($247,395.00). Id. The agreement and the bills of sale were executed between Man Lee and Personal Choice in San Mateo, California. Id.; Exh. A (copies of three bills of sale).

After Man Lee had paid for Duval's cars through Personal Choice, Duval refused to deliver them or return the funds, and Man Lee brought the instant action. See Id. at ¶¶ 10, 11. Duval moved to dismiss or transfer the action based on a lack of personal jurisdiction, claiming it lacked any contacts with the state of California and had no knowledge of any dealings between Man Lee and Personal Choice. See generally, Snyder Dec. Duval then filed suit against Personal Choice in Florida state court, seeking indemnification and equitable relief. Id. at ¶ 13. The Florida state court first issued a restraining order, requiring the maintenance of the funds from Personal Choice in an escrow account, and later rendered a default judgment against defendants. Id.; Snyder Reply Dec. ISO Motion to Dismiss ¶ 8, Exh. E (copy of Order).

This court granted Duval's motion to dismiss or transfer this action on January 6, 2009, finding that Man Lee's dealings with Personal Choice were irrelevant to the inquiry and the allegations of Duval's activities failed to establish its purposeful availment of this forum. SeeDocket No. 35 at 9-10. The action was transferred to the United States District Court for the Middle District of Florida for all further proceedings. Id. at 12.

2

LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 11, a court has the discretion to award fees and costs and to impose sanctions where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. Nasco, Inc., 501 U.S. 32, 111 S.Ct. 2123, 2133 (1991).  Rule 11 requires that contentions made to the court be formed after an inquiry reasonable under the circumstances, and be warranted by existing law or by a non-frivolous argument for some change in the law.  Fed. R. Civ. P. 11(b).  In addition, the contentions must be grounded in fact, and must not be interposed for any improper purpose such as harassment, unnecessary delay, or needless increase in litigation costs.  Id.

The standard for determining whether a pleading, motion or other paper is either frivolous or interposed for an improper purpose is one of objective reasonableness for determinations of frivolousness as well as of improper purpose.  Conn v. CSO Boriorquez, 967 F.2d 1418, 1421 (9th Cir.1992).  "Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate."  Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990)

DISCUSSION

Duval asserts it is entitled to attorneys' fees and costs incurred in seeking dismissal of this action and preparing the instant moving papers because Man Lee's complaint offered no factual, evidentiary or legal basis to support personal jurisdiction over Duval in the Northern District of California.  Duval submitted two declarations (one with the moving papers and an updated one on reply) setting forth their costs and reasonable attorneys' fees in relation to the fees and costs to date.

Man Lee responded on the issue of reasonableness of its opposition to the motion to dismiss or transfer as well as the motion for sanctions.  Man Lee alleges that its choice of venue in the Northern District of California was reasonable under the circumstances, based on the California contacts of the transaction and the California impact that Duval's actions caused to interstate commerce.  Man Lee submitted a declaration setting forth Man Lee's rationale to amend its

3

1  complaint to allege additional allegations in an attempt to align with the case law on intentional acts
2  with foreseeable consequences in the forum state as a basis for personal jurisdiction.

3  While the court ruled in favor on Duval's motion to dismiss or transfer, that result was not so
4  obvious as to warrant a finding that Man Lee's theory of venue is groundless. Duval has not
5  demonstrated to the satisfaction of the court that Man Lee's theory of venue alleged in its amended
6  complaint was so frivolous as to be legally implausible. See, e.g., Golden Eagle Dist. Corp. v.
7  Burroughs Corp., 801 F.2d 1531, 1538 (9th Cir.1986) (noting that sanctions are inappropriate when
8  the pleading or motion is based on a plausible view of the law). Not every failed pleading justifies
9  Rule 11 sanctions and factual errors in a complaint do not mandate sanctions. Under Ninth Circuit
10 precedent, courts should be "reluctant to impose sanctions for factual errors, especially errors in
11 papers filed before an opportunity for discovery, if the litigant has conducted a reasonable inquiry
12 into the facts." Greenberg v. Sala, 822 F.2d 882, 887 (9th Cir. 1987). While Man Lee's submissions
13 fell far short of establishing the claims alleged, it is not clear that its claims were wholly unfounded
14 such that Man Lee was falls afoul of Rule 11. Accordingly, the court DENIES Duval's motion with
15 respect to sanctions for attorneys' fees and costs relating to Duval's motion to dismiss or transfer the
16 case.

17 However, the court takes notes of Man Lee's allegation in its opposition brief to the instant
18 motion that it "presented the argument [on the motion to dismiss] orally at the hearing *and not in*
19 *written form*." See Pl.'s Motion in Opposition at 3:24-25 (emphasis added). Man Lee alleges that it
20 had filed a first amended complaint responding to Duval's motion to dismiss, that it "understood the
21 court would require an updated motion reflecting the new allegations," and that "plaintiff perhaps
22 could have demanded an opportunity to submit written briefs but elected not to make the request in
23 order to expedite matters" Id. at 22-27.

24 The court will not countenance such an unfounded claim. Man Lee's contention that it was
25 not given a chance to oppose the motion to dismiss in writing is completely absurd. Man Lee timely
26 filed an opposition on October 24, 2008, together with its first verified amended complaint and a
27 declaration of Richard M. McNeely. See Docket No. 18 (opposition), 17 (amended complaint) and
28 19 (declaration). That opposition presented all of "the case law"— all two cases — that Man Lee

4

now refers to in its instant declaration as support for its argument that Duval's intentional acts had foreseeable consequences in the forum state as a basis for personal jurisdiction. Indeed, the court specifically referenced those cases in its Memorandum & Order transferring the action when it stated: "These cases cited by Man Lee are wholly inapposite to the present issue." See Docket No. 35 at 9:24.

The court finds Man Lee's allegation that it was not given a chance to present its argument earlier in writing, combined with the other frivolous arguments made on opposition to the instant motion (e.g., Man Lee had no opportunity for pre-filing investigation, Duval's calculation of sanctions is flawed, Duval's pattern of activity reflects attempts to defraud Man Lee) worthy of sanctions pursuant to Rule 11.

Rule 11 explicitly limits a district court's sanction to what is sufficient to deter subsequent violations of the rule. See Fed. R. Civ. P. 11(c)(2). Accordingly, Duval's motion for sanctions is GRANTED in limited fashion to award Duval reasonable attorneys' fees and costs incurred in replying to the instant motion, so as to deter Man Lee from making such frivolous and unsubstantiated allegations in the future. At no time did the court deny or surpass Man Lee's right to oppose Duval's motion to dismiss or transfer in writing. The extent to which the court prepared itself for the oral hearing and asserted its discretion in transferring the case is unrelated from, and provides no basis whatsoever for, Man Lee's allegation that it was not given an opportunity to respond in written form to Duval's arguments. The court finds that allegation so baseless and lacking in plausibility that it warrants sanctions.

The court concludes that a sanction be imposed on Man Lee in an amount sufficient to "reimburse" Duval for the time it spent in addressing Man Lee's arguments essentially for the second time in the instant motion. Based on the numbers provided in Duval's second declaration, the court sanctions Man Lee in the amount of $6,079.50 as and for attorneys' fees.

5

CONCLUSION

Having found that limited circumstances warrant the imposition of sanctions, the court **DENIES** Duval's motion with respect to sanctions for attorneys' fees and costs relating to Duval's motion to dismiss or transfer and **GRANTS** Duval's motion with respect to sanctions for attorneys' fees incurred in responding to Man Lee's frivolous arguments with respect to the instant motion.

Man Lee is directed to pay to the defendant Duval Motors of Gainesville, Inc. through its attorney of record in this action the amount of $6,079.50 within thirty (30) days of the date of this order.

IT IS SO ORDERED.

Dated: February 25, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California